UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


DONALD L. PARKER                               CIVIL ACTION

VERSUS                                         NO. 11-0638

SHERIFF MARLIN GUSMAN                          SECTION: "R" (5)

### REPORT AND RECOMMENDATION

Plaintiff, Donald L. Parker, is a prisoner currently incarcerated in Orleans Parish Prison. In his complaint, filed pursuant to 42 U.S.C. §1983, Parker asserts that on April 9, 2010, prison officials, looking for a cell phone, required inmates, including himself, to strip, bend over, squat and cough.[1] At a preliminary conference, Parker informed that there was no body cavity search. No guard touched him or any other inmate during the strip search. He stated that he was not harmed, only embarrassed by the procedure.[2]

Named as the sole defendant is Orleans Parish Sheriff Marlin N. Gusman. Parker does not allege that Sheriff Gusman took part in the search. Parker stated at the preliminary conference that he filed the instant action against Sheriff Gusman because Gusman is ultimately responsible for what transpires in the jail.[3]

---

[1] Rec. Doc. No. 6, p. 10.

[2] Rec. Doc. No. 16, pp. 1-2.

[3] Rec. Doc. No. 16, p. 2.

This matter is before the Court pursuant to Sheriff Gusman's motion for summary judgment[4] and Parker's motion to amend his complaint.[5] Based upon the following, the undersigned recommends that Gusman's motion for summary judgment be granted and Parker's motion to amend be denied.

**I. MOTION FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(C). A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented. <u>National Ass'n of Gov't Employees v. City Pub. Serv. Bd.</u>, 40 F.3d 698, 712 (5th Cir.1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of his claim. <u>Id</u>.,

---

[4]Rec. Doc. No. 15.

[5]Rec. Doc. No. 20.

citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex Corp., 477 U.S. at 323.

The United States Fifth Circuit Court of Appeal has recognized that a prisoner's right to bodily privacy "is minimal, at best." Oliver v. Scott, 276 F.3d 736, 745 (5th Cir. 2002). The inmate "loses those rights that are necessarily sacrificed to legitimate penological needs." Elliott v. Lynn, 38 F.3d 188, 190-91 (5th Cir. 1994) (citation omitted), cert. denied, 514 U.S. 1117 (1995). Officials are afforded considerable deference in maintaining safety and order in penal institutions. Id. at 191.

In a recent decision, Florence v. Board of Chosen Freeholders of County of Burlington, 132 S.Ct. 1510, 1513 (2012), the question before the Court was what rules or limitations the Constitution imposes on searches of pre-trial detainees. Specifically, whether pre-trial detainees entering the general population "may be required to undergo a close visual inspection while undressed." Id.

The Court answered the above question in the affirmative. In support of its decision the Court relied, in part, upon the following decisions. Bell v. Wolfish, 441 U.S. 520, 546 (1979) (maintenance of security and order may require limitation or

3

retraction of pretrial detainees' constitutional rights); <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987) (deference must be afforded to correctional officials; regulation impinging on a prisoner's constitutional rights must be upheld if "reasonably related to legitimate penological interests.").

Based upon the above, the Court finds that Parker did not suffer a violation of his constitutional rights by virtue of the strip search which prison officials performed. Prison officials had a legitimate penological interest in performing such a search, namely, to discover contraband, a cell phone.

Parker's action is also subject to dismissal because he suffered no physical injury. Parker admitted that no guard touched him or any other inmate during the search and stated that he was not harmed, only embarrassed.[6] 42 U.S.C. §1997e(e) prevents a prisoner who has not alleged a physical injury from seeking compensatory damages. <u>Samford v. Staples</u>, 249 Fed. App'x. 1001, *1 (5th Cir. 2007) (relief denied where prisoner alleged he suffered humiliation, embarrassment, heartache, distress, and depression, but no physical injury, resulting from strip search and disciplinary sanctions).

Additionally, Parker has named Sheriff Marlin Gusman as his

---

[6]<u>See</u> <u>supra</u> at p. 1.

sole defendant.  Parker makes no claim that Sheriff Gusman was personally involved in the strip search.  Instead, Parker has stated that he sued Sheriff Gusman because Gusman is ultimately responsible for what happens in the jail.[7]

"There is no respondeat superior liability under section 1983." Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir.1996); accord Field v. Corrections Corp., 364 F. App'x 927, 2010 WL 517679, *1 (5th Cir.2010); Cox v. Irby, 281 F. App'x 390, 391 (5th Cir.2008); Kohler v. Englade, 470 F.3d 1104, 1114–15 (5th Cir.2006).  Thus, Sheriff Gusman cannot be held liable under Section 1983 pursuant to a theory of respondeat superior simply because the persons allegedly responsible for Parker's embarrassment were in his employ or under his supervision. Sanders v. English, 950 F.2d 1152, 1160 (5th Cir.1992); Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir.1979); Barksdale v. King, 699 F.2d 744, 746 (5th Cir.1983).

## II.  MOTION TO AMEND COMPLAINT

On March 11, 2011, Parker filed his original complaint.[8]  On

---

[7]See supra at p.1.

[8]Parker's complaint was not formally filed by the clerk of court until February 13, 2012, when his motion for reconsideration of pauper status was granted. Rec. Doc. No. 4. However, in the pro se prisoner context, a "mailbox rule" applies, so that the date when prison officials receive the complaint from the prisoner for delivery to the court is considered the time of filing. United States v. Petty, 530 F.3d 361, 363 & n. 1 (5th Cir.2008); Stevenson v. Anderson, 139 F. App'x 603, 604 (5th Cir.2005); Cooper v.

5

November 1, 2012, over a year later, Parker filed a motion to amend his complaint. In his amended complaint, Parker names a new defendant, Dr. Samuel Gore, OPP's "head medical doctor."[9] Parker alleges that OPP's "medical team" failed to give him "the proper medications" for a urinary tract infection, resulting in his having to wear an indwelling catheter.[10]

The claim set forth in Parker's amended complaint is unrelated to the subject matter of his original complaint. As such, Parker's motion to amend should be denied. See Nicholas v. Heffner, 228 Fed. App'x. 139, *1 (3rd Cir. 2007) (district court did not err in dismissing amended complaint wherein petitioner raised new claims against new defendants setting forth operative facts unrelated to original claims); Andreola v. Wisconsin, 211 Fed. App'x. 495, *2 (7th Cir. 2006) (district court did not err in denying motion to amend where additional parties and purported claims were unrelated to original action), cert. denied, 552 U.S. 852 (2007); McClendon v. Wilson, 2012 WL 1598068, *2 (E.D. Tenn.

---

Brookshire, 70 F.3d 377, 379 (5th Cir.1995). In this case, the earliest date on which prison officials could have received Parker's complaint for delivery to this court is March 11, 2011, when he signed and dated his complaint. Thus, March 11, 2011 is the filing date for Parker's original complaint.

[9]Rec. Doc. No. 20, p. 2.

[10]Rec. Doc. No. 20, p. 2.

5/7/12) (new claims in proposed amended complaint are "completely unrelated" to claims in original complaint; motion to amend denied); Edwards v. Junious, 2011 WL 777963, *1 (E.D. Cal. 2/25/11)("[u]nrelated claims against different defendants belong in different suits") (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the motion for summary judgment filed on behalf of defendant, Sheriff Marlin Gusman, be **GRANTED**.

It is further **RECOMMENDED** that the motion to amend filed by plaintiff, Donald Parker, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en*

banc).[11]

New Orleans, Louisiana, this 16th day of   November  , 2012.

```
                    _____
                         ALMA L. CHASEZ
                    UNITED STATES MAGISTRATE JUDGE
```

---

[11]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.